SCHOTT, Judge.
In this appeal a divorced husband seeks to reduce the amounts awarded appellee for alimony and child support for two adolescent boys. The issues are whether the trial judge abused his discretion in the amounts of the awards and whether appellee is entitled to any alimony considering the amendment to LSA-C.C. Art. 160 by Act 72 of 1979.
In the judgment alimony was set at $100 every two weeks and child support at $150 every two weeks. In addition, appellant was ordered to pay utility bills and allowance to each child in the amount of $10 every two weeks, medical and dental bills for the children, and clothing expenses for the children not to exceed $50 every two weeks, and to maintain appellee and the two children on his hospitalization program.
According to appellee, she requires over $1,000 per month for herself and her boys. This does not include any amount for rent as she is occupying the fully-paid-for house acquired by the community previously existing between the parties.
Appellant earns approximately $2,000 per month net income after taxes. He produced a list of monthly expenses which exceed $2,900, but these figures include all of the expenses incurred in the running of his household which he now has with a new wife and her four children, such as rent, $500, groceries, $200, and utilities $190. Although his new wife was employed appellant did not know her salary or whether she received any child support from her former husband. Also, his expenses included $700 per month for “Taxes (federal, state, local, both income and property taxes).” Since his income was considered in terms of net, after tax, figures this “expense” item of $700 monthly should be disregarded.
We are unable to conclude that the trial judge abused his discretion in arriving at the amount for alimony and child support. These parties had been before the same judge on at least two previous occasions, one at the time the suit for separation was obtained. The present judgment is identical to the previous judgments even though three years had intervened since the first judgment. While it is arguable that both lists of expenses are overstated, as is usually the case, the court undoubtedly took this into consideration.
However, appellant contends that the trial judge did not take into consideration the following provisions of Art. 160 as amended by Act 72 of 1979:
“. ... In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means and assets of the spouses, the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.”
This is a middle aged couple who were divorced after thirty years of marriage. There is no evidence that appellee has ever *471 worked and she has some heart and stomach problems which require her to observe a special diet and seek occasional medical attention. When asked why she does not seek employment she replied, “I really don’t feel like I should have to, and I don’t particularly care to. I’m not too well myself, and also my boys.”
While the amendment to Art. 160 requires the trial judge to consider the earning capacity of both spouses it also requires him to consider the time necessary for the recipient to acquire education and training, and the health and age of the parties. It ultimately leaves the final judgment to the discretion of the .trial court after considering these various circumstances. We conclude that the present award of $100 alimony every two weeks does not constitute an abuse of discretion under the amended provisions of Art. 160.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.